*Alejandro Toledo Manrique*

*v.*

*Donald O'Keefe*

# EXHIBIT G

Dear Ms. Haciski and Ms. Sorkin,

By way of this letter I wish to make you aware, in my role as the focal point of the Peruvian Embassy in the United States of America, that the Prosecutor José Domingo Pérez Gómez, of the Regional Corporate Public Prosecutor's Office Specialized in the Crimes of Public Official Corruption – Specialized Unit [*Fiscalía Supraprovincial Corporativa Especializada en Delitos de Corrupción de Funcionarios -Equipo Especial*] has presented the *acusación fiscal* in the case at issue in the Request for the Extradition of Mr. Alejandro Toledo Manrique that was presented by Diplomatic Note No. 5-3-M/43, dated May 25, 2018.

In this regard I would like to note the following:

- Regarding the *acusación fiscal*:

In conformity with Article 349 of the Criminal Procedure Code (Law Decree 957), the Prosecutor responsible for the case presents the *acusación fiscal* only when there are sufficient elements for a conviction that sustain the advancement of the criminal proceeding. At the end of the Preparatory Investigation, the *acusación fiscal* is the fundamental request made by the Prosecutor in charge of the Preparatory Investigation Phase to the judicial authorities, by which he requests that the case advance to the Intermediate Phase of the criminal process on the basis of certain charges. The *acusación fiscal* replaces the prosecutor's decisions as the operative charging document for the case at the current stage in the criminal process.

It is important to note that the *acusación fiscal* has been presented in a normal manner, in conformity with the steps established for the criminal process, as was explained under heading "a" (Chronology of the development of the criminal process in Peru until the *acusación fiscal*) of the document attached to Diplomatic Note No. 5-3-M/111, dated August 4, 2020. The *acusación fiscal* does not correspond to a new request for extradition by the State of Peru, but instead entails a communication to the competent U.S. authorities that as the investigation has advanced it has arrived at a new procedural stage after finalizing the Preparatory Investigation Phase.

- Regarding the imputed charges:

By way of Diplomatic Note No. No. 5-3-M/43, dated May 25, 2018, the Peruvian State presented to the U.S. Department of State the Request for the Extradition of Mr. Toledo Manrique. In that Request, Peru provided the initial qualifications of the charges imputed to the extraditee, which were the following: 1) Money laundering; 2) Collusion; and 3) Influence peddling. These charges could be changed in accordance with the advancement and determination of the Prosecutor and also by a judicial order pursuant to Article 374.1 of the Peruvian Criminal Procedure Code.

It should be noted that the charges imputed to Mr. Toledo Manrique in the *acusación fiscal* presented by the Prosecutor in this case are the following: 1) as the perpetrator of the crime against the Public Administration by means of collusion, in conformity with Article 384 of the Peruvian Criminal Code (Law No. 26713, in force when the acts occurred); and 2) perpetrator of the crime of money laundering by means of acts of transfer and conversion, corresponding to the crime contained in Article 1 of Law 27765 (law in force when the acts occurred) (see page 40 of the *acusación fiscal*).

As duly referenced by the International Judicial Cooperation and Extraditions Unit (Peruvian Central Authority), it is relevant to mention that during the development of the criminal process

1

Order No. 13, dated June 5, 2017, was emitted, which provided the Prosecutor the possibility, as needed, to establish alternative criminal classifications to the object of the investigation.

For this reason, in the present case, the Prosecutor attributed to Mr. Toledo Manrique alternatively the crime of collusion and/or the crime of influence trafficking through prosecution orders No. 06 and No. 08, of February 3, 2017 and March 7, 2018, respectively. Insofar as the investigated facts were subsumed in either of the two aforementioned crimes, in the *acusación fiscal*, the Prosecutor specified the crime of collusion and eliminated the alternative crime of influence peddling. As a result, as the facts aligned with the crime of collusion, the crime is no longer included as an alternative to the crime of influence peddling, but as attributable crime selected between the two.

This modification of the crimes imputed to Mr. Toledo Manrique, and hence the crimes for which Mr. Toledo's extradition is requested, will be handled in a timely manner with the State Department following the formal procedures of the Extradition Treaty, as addressed in the following point.

- Regarding the formal presentation of the documentation:

In accordance with Article VII.1 of the Extradition Treaty between Peru and the United States of America (Translation and Admissibility of Documentation), all documents presented by the Requesting State must be accompanied by a translation into the language of the Requested State. Likewise, provision 2 of this Article provides that the documents accompanying the extradition request shall be admitted as evidence in the extradition proceedings if they are certified by the appropriate accredited diplomatic or consular officer of the Requested State in the Requesting State.

Taking into account that the *acusación fiscal* was issued on August 11, 2020, it is currently in the process of being translated by the International Judicial Cooperation and Extraditions Unit of the Public Prosecutor's Office. After the translation process is completed, the steps for its formal presentation can be taken in accordance with the provisions of Article VII of the Extradition Treaty.

Notwithstanding this, it was considered appropriate to inform the Department of Justice of the fact that the Prosecutor has already proceeded to issue the *acusación fiscal* and to send it in Spanish, for informational purposes, as it is a relevant factual element.

I remain at your disposal to answer any related questions.

Sincerely,


Gonzalo Bonifaz
Focal Point
Embassy of Peru in the United States