UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| ALEJANDRO TOLEDO MANRIQUE,<br><br>Plaintiff,<br><br>v.<br><br>DONALD O'KEEFE,<br><br>Defendant. | Case No. 21-cv-08395-LB<br><br>**ORDER GRANTING TEMPORARY STAY**<br><br>Re: ECF No. 34 |

# INTRODUCTION

On April 22, 2022, this court denied the petitioner's habeas challenge to his extradition certification.[1] The petitioner then asked this court for a stay of his extradition pending an appeal and appealed the decision to the Ninth Circuit.[2] The court previously granted the petitioner's unopposed request for a temporary stay so that he could ask the Ninth Circuit for a stay.[3] The

---

[1] Order Denying Writ – ECF No. 17. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents in this case. *Matter of Extradition of Manrique*, 19-mj-71055-MAG-1(TSH) (N.D. Cal.), is the petitioner's underlying extradition proceeding. Citations to docket entries and documents from the petitioner's underlying extradition proceeding are denoted with an "XR." For example, "XR ECF No. 1" refers to the first docket entry in the petitioner's underlying extradition proceeding.

[2] Mot. – ECF No. 21; Notice of Appeal – ECF No. 24.

[3] Order – ECF No. 30.

ORDER – No. 21-cv-08395-LB

Ninth Circuit denied the stay.[4] On February 22, 2023, the petitioner renewed his motion for a stay on three grounds: (1) the State Department has advised the parties that it intends to move forward with the extradition; (2) conditions in Peru have grown more dangerous; and (3) oral argument in the Ninth Circuit is set for March 6, 2023.[5] Because the petitioner has not shown that he has a likelihood of success on appeal, the court denies the renewed motion to stay. But it grants the petitioner's unopposed request for a temporary stay so that he may ask the Ninth Circuit for a stay.

## STATEMENT

The petitioner is accused of accepting approximately $35 million in bribes related to the construction of a highway between Brazil and Peru.[6] Peruvian prosecutors charged the petitioner with collusion and money laundering and obtained a warrant for his arrest.[7] In May 2018, Peru requested the petitioner's extradition pursuant to the Peru–U.S. Extradition Treaty and submitted a supplemental extradition request in June 2019.[8] Extradition Treaty Between the United States of America and the Republic of Peru, Peru-U.S., July 26, 2001, T.I.A.S. No. 03-825, S. Treaty Doc. No. 107-6, 2001 WL 1875758 (the Treaty).

In July 2019, the United States filed a complaint seeking the petitioner's arrest.[9] In September 2020, the extradition court denied the petitioner's motion to deny extradition, which was based on his contentions that (1) he had not been "charged" for purposes of the Treaty, (2) Peru had not complied with the Treaty's "charging document" requirement, and (3) the now-dropped influence-peddling charge failed to comply with the Treaty's dual-criminality requirement.[10] In September

---

[4] Order – ECF No. 31.

[5] Mot. to Stay – ECF No. 34 at 1–2.

[6] Pet. – ECF No. 1 at 8; Opp'n to Pet. – ECF No. 9 at 11–12.

[7] Pet. – ECF No. 1 at 26–27; Arrest Warrant, Ex. K to Pet. – ECF No. 1-11.

[8] Opp'n to Pet. – ECF No. 9 at 12; Ltr. from G. Bonifaz, Embassy of Peru in the U.S., Ex. G to Pet. – ECF No. 1-7.

[9] Compl. – XR ECF No. 1; Compl., Ex. N to Pet. – ECF No. 1-14.

[10] Order – XR ECF No. 147.

1  2021, the extradition court found that there was probable cause to believe the petitioner committed
2  collusion and money laundering and certified that he was extraditable to Peru on those charges.[11]

3  The petitioner, who remains on bail, challenged the extradition certification by filing a habeas
4  petition.[12] This court denied the habeas petition.[13] The petitioner has appealed the denial of his
5  habeas petition to the Ninth Circuit and previously asked the court to stay his extradition pending
6  the Ninth Circuit's decision on his appeal.[14] The court granted a temporary stay to allow the Ninth
7  Circuit to address the stay.[15] The Ninth Circuit denied the stay.[16] On February 22, 2023, the
8  petitioner renewed his motion for a stay.[17] The court held a hearing on February 23, 2023. At the
9  hearing, the government opposed the stay but agreed to a temporary stay to allow the petitioner to
10 seek a stay from the Ninth Circuit. The parties agreed that the petitioner would file his motion to
11 stay at the Ninth Circuit by the end of the day on Monday, February 27, 2023.

12 The parties consented to magistrate-judge jurisdiction under 28 U.S.C. § 636.[18]

## ANALYSIS

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009). "It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Id.* (cleaned up). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34. In exercising discretion to grant or deny a stay, courts should consider the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a

---

[11] Order – XR ECF No. 188.
[12] Pet. – ECF No. 1; Order – XR ECF No. 198; Order – XR ECF No. 203.
[13] Order – ECF No. 17.
[14] Mot. – ECF No. 21; Notice of Appeal – ECF No. 24.
[15] Order – ECF No. 30.
[16] Order – ECF No. 31.
[17] Mot. – ECF No. 34.
[18] Consents – ECF Nos. 5, 10.

ORDER – No. 21-cv-08395-LB                3

stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 434 (cleaned up). The Ninth Circuit has held that courts should apply these factors flexibly when analyzing stay requests. *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (reasoning, in part, that "stays are typically less coercive and less disruptive than are injunctions").

To apply the factors flexibly, the court uses a "sliding scale," meaning that the factors are "balanced" so that "a stronger showing of one element may offset a weaker showing of another." *Id.* at 964–66 (quoting in part *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); *Kum Tat Ltd. v. Linden Ox Pasture, LLC*, No. 14-cv-02857-WHO, 2015 WL 674962, at *2 (N.D. Cal. Feb. 17, 2015). "Under this sliding[-]scale approach,

> a moving party who cannot show a strong likelihood of success on the merits may nonetheless be entitled to a stay where he shows that his appeal "raises serious legal questions, or has a reasonable probability or fair prospect of success." *Leiva–Perez*, 640 F.3d at 971. A party satisfying this lower threshold under the first *Nken* factor is not required to show that it is more likely than not to win on the merits, but must then demonstrate that the balance of hardships under the second and third factors tilts sharply in its favor.

*Kum Tat*, 2015 WL 674962, at *2 (cleaned up).

In light of this approach, the Ninth Circuit has condensed the four factors from *Nken* and held that a stay of removal is warranted if the petitioner establishes that "irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor." *Leiva-Perez*, 640 F.3d at 970.

The court incorporates the analysis in its earlier order by this reference.[19] In sum, the court holds that (1) the petitioner's potential extradition satisfies the irreparable-harm factor, (2) the petitioner has not established that his appeal has a likelihood of success that is sufficient to support a stay, and (3) the public-interest factor weighs against a stay.[20]

---

[19] Order – ECF No. 30.

[20] *Id.* at 3–10.

The petitioner also asked the court for a temporary stay so that he can seek a stay from the Ninth Circuit.[21] The government does not oppose this request. In cases like this one where the petitioner has established irreparable harm but has not established a likelihood of success, courts have granted unopposed temporary stays. *See Luna*, 2018 WL 2197555, at *3. Furthermore, there are "conceptual difficult[ies]" when a court must decide whether an appeal of its decision is likely to succeed. *In re Extradition of Hilton*, No. 13-7043-JCB, 2013 WL 3282864, at *2 (D. Mass. June 26, 2013) (cleaned up). Thus, the court grants the petitioner's request for a temporary stay of his extradition so that he may seek a stay from the Ninth Circuit.

Regarding the length of the stay, Ninth Circuit Rule 27-2 provides that "[i]f a district court stays an order or judgment to permit application to the Court of Appeals for a stay pending appeal, an application for such stay shall be filed in the Court of Appeals within 7 days after issuance of the district court's stay." The petitioner said that he would file a stay by Monday, February 27, 2023. Accordingly, assuming that the motion is filed, the court will stay the petitioner's extradition until the Ninth Circuit rules on the petitioner's stay motion.

## CONCLUSION

The petitioner's request for a stay pending the resolution of his appeal of the order denying his habeas petition is denied, but the petitioner's alternative request for a temporary stay is granted. The petitioner's extradition is hereby stayed for the later of (1) seven days from this order or (2) if the petitioner files a motion to stay with the Ninth Circuit within seven days from this order, the date the Ninth Circuit rules on the petitioner's stay motion. (The court recognizes that the petitioner will honor his commitment to file the motion on February 27, 2023. The court hews to the seven-day rule because that is what the Ninth Circuit requires.)

**IT IS SO ORDERED.**

Dated: February 27, 2023

_____
LAUREL BEELER
United States Magistrate Judge

---

[21] Mot. – ECF No. 34 at 2.